# CONTRACT TO EMPLOY AUCTIONEER

*Chuck Cryderman and Associates, L.L.C.*
*73600 Church St.*
*Armada, MI. 48005*

*586 – 784-8890    FAX:  586 – 784-8894*

This contract of employment is made this 6th day of April, 2015, between TIMOTHY J. MILLER, Trustee, (and only in his capacity as the Chapter 7 Bankruptcy Trustee in the Bankruptcy proceeding of Stephen R. Etsler) of 64541 Van Dyke, Suite 101-B, Washington, Michigan 48095, herein referred to as Seller, and CHUCK CRYDERMAN AND ASSOCIATES, L.L.C., a Michigan Limited Liability Company of 73600 Church St., Armada, Michigan 48005, herein referred to as Auctioneer.

1. STATEMENT OF EMPLOYMENT:  Seller hereby employs Auctioneer, and in consideration of Auctioneer's efforts to sell certain real property of the bankruptcy estate of Stephen R. Etsler, located in the Township of Sylvan, County of Washtenaw, State of Michigan, commonly known as 1708 Ridge Road, Chelsea, Michigan ("the Real Estate").  Seller hereby gives Auctioneer the sole and exclusive right to offer for sale and sell for and on account of Seller the Real Estate at public auction, according to the terms and conditions set out herein.
2. PLACE OF SALE:  The Auction shall be held online. via the Auctioneer's internet website commencing June 9, 2015 and ending June 11, 2015 at 4 p.m.
3. TIME AND DATE OF SALE:  The Auction shall be held online via the Auctioneer's internet website commencing June 9, 2015 and ending June 11, 2015 at 4 p.m. ("the Auction Sale").
4. TERMS:
    A. Real Estate; Auctioneer accepts this employment according to the terms of this Agreement and will perform the same to the best of its ability.  The auction to be conducted under this agreement shall be a <u>confirmation</u> sale auction.  In the case of a confirmation sale, Seller shall confirm, accept or counter any bid made at the Auction deemed by Seller to be the highest and best offer by giving the Auctioneer written notice of Seller's confirmation, acceptance or counter of such bid within 72 hours following the close of the auction.  Seller shall have no duty or obligation to confirm or accept any bid made at the auction.  Auctioneer reserves the right to permit and accept properly executed written absentee bids, electronic or phone bids at the Auction.
    B. Auctioneer agrees to use its best efforts to obtain the highest and best bid for said Real Estate at the Auction Sale and to have the high bidder submit the bid in writing.  It is expressly agreed and understood that the Auctioneer does not guarantee performance by the high bidder(s).
5. DUTIES AND OBLIGATIONS OF AUCTIONEER:  Auctioneer shall carry out the following duties and obligations pursuant to the sale of Seller's Real Estate under this Agreement:

A. Preparation and Distribution of Brochure: Auctioneer shall prior to the Auction prepare a brochure and distribute copies of such brochure in a manner calculated to reasonably advise those potentially interested in bidding at the Auction Sale.
B. Advertising: Auctioneer shall prior to the Auction Sale advertise through appropriate and customary media and in accordance with the custom and usage of the business. Seller shall have approval over the advertising budget, a proposed summary of which is attached hereto.
C. Display of Property, Preparation for Conduct of Sale: Auctioneer shall determine the manner of preparation and display of the Real Estate and of procedures for conducting the Auction Sale.
D. Employment of Help: Auctioneer shall employ help reasonably necessary to prepare and effectuate the Auction Sale.
E. Use of Best Efforts: Auctioneer shall conduct the Auction Sale to the best of its ability. However, Auctioneer does not guarantee a sale and Auctioneer is not responsible in the event Buyer and Seller fail to consummate the sale.
F. Auctioneer shall take possession of and thereafter forward to Seller any deposit check(s), such check(s) to be held pending closing on any sale.

6. EXCLUSIVE RIGHT OF SALE REAL ESTATE: Auctioneer shall hold an "Exclusive Right to Sell" the Real Estate, from the date of this Agreement until the expiration date, which is at midnight on June 30, 2015 unless such time is extended in writing by the Seller. This period shall be irrevocable and any sales or agreements to sell for all or part of the Real Estate made, whether sold by the Auctioneer or any other broker, realtor or other intermediary between the date of this contract and one hundred eighty (180) days after the expiration date of this contract to anyone that attended or registered at the Auction Sale, or had been shown the property through the efforts of Auctioneer, the Auctioneer shall be entitled to a commission of three percent (3%) of the contract price. Seller shall in all respects cooperate with and further the interest of Auctioneer in the discharge of his duties under this Agreement, and shall refrain from all acts that would reasonably tend to interfere with Auctioneer in the discharge of said duties.

7. COMMISSION AND EXPENSES OF AUCTIONEER:
   A. Seller agrees to the addition to the highest accepted bid at the Auction Sale a "Buyer's Premium" or "Buyer's Fee" in the amount of three percent (3%) of the highest bid accepted and which constitutes the contract sales price, and shall be payable to the Auctioneer at closing or settlement. The addition of the Buyer Premium or Buyer Fee in no way constitutes an agency relationship with a Buyer. Seller consents to the Auctioneer's advertising and disclosing the Buyer's Premium or Buyer's Fee to all prospective purchasers. From said three percent Buyer's Premium, a referral fee of one third may be paid to a referring and cooperating real estate broker.
   B. Expenses, including without limitation advertising costs, will be incurred by the Auctioneer and such expenses per the budget agreed to by the parties shall be Five Thousand and 00/100 ($5,000.00) Dollars.

Auctioneer has provided to Seller a list of expense categories and an estimated amount to be expended for each category. Expense authorization, allowance and payment is ultimately subject to approval of the Office of the United States Trustee and of United States Bankruptcy Court. Seller shall be consulted and have approval status for all advertising monies spent.

8. CONDITIONS OF THE AUCTION:
    A. The Auctioneer's decision is final in the event of a dispute over any Auction Sale procedure. The Auctioneer reserves the right to accept bids in any increments he deems are in the best interest of the Seller and reserves the right to bid on behalf of any buyer. All Auction Sale contracts will be available for Seller's approval. The Auctioneer shall be held harmless by Buyer and Seller should any an accepted bid fail to proceed to a successful closing.
    B. Bidders are responsible to determine zoning restrictions and current or future intended use restrictions or covenants affecting the Real Estate. Bidders are responsible for examination of any applicable master plan and any municipal land use plans and maps for the area in which the Real Estate is located. The Auctioneer assumes no responsibility for the information contained in said plans and assumes no liability for any bidder's failure by to review such plans. Auctioneer's obligations and any purchase agreement will not be contingent upon the successful bidder's review of such plans. Auctioneer represents that it complies with all federal, state and local laws regarding the buying and selling of real property.
9. REPRESENTATIONS OF THE SELLER: Seller states upon information and belief that Seller is authorized, subject to final bankruptcy court approval of a Motion to Compromise now pending in the bankruptcy proceeding, to convey the Real Estate to be sold and, further, that Seller has the right to sell said Real Estate subject to the further approval of the bankruptcy court. A form of Trustee's Covenant Deed for the Real Estate will be furnished by the Seller, together with a policy of title insurance through Chirco Title Agency showing the Real Estate to be free and clear of material defects and encumbrances, excepting existing easements and restrictions of record, ordinances and zoning regulations and mortgages or other liens or interests to be released or liquidated at closing. Seller agrees to furnish all documents requested by the Auctioneer if in the possession of the Seller including and not limited to surveys, appraisals, floor plans, profit and loss statements, leases, rent rolls and encumbrances on title, if any.
10. CHOICE OF LAW: This agreement and all suits and special proceedings hereunder, shall be construed in accordance with and under and pursuant to the laws of the State of Michigan and of the United States of America, and in any action, special proceedings or any other proceedings that may be brought arising out of, in connection with, or by reason of this Agreement, the laws of the State of Michigan shall be applicable and shall govern. Exclusive jurisdiction over matters concerning this contract and the sale of the Real Estate shall rest with the United States Bankruptcy Court.

11. FAIR HOUSING: Seller understands and agrees that in compliance with existing federal, state and local "fair housing laws", Auctioneer will not and cannot in any manner discriminate against any prospective bidder because of race, color, religion, sex, age, marital status, disability, or national origin or any other class protected by federal, state or local law.
12. AGENCY RELATIONSHIP: Seller hereby acknowledges that he was informed of the agency relationships that could occur in the sale of the Real Estate.
13. POSSESSION: Possession is to be provided to the successful bidder at date of closing the transaction, unless otherwise agreed in writing.
14. DEFAULT: Once an acceptable high bid is accepted by the Seller, the sale shall be considered a confirmed sale. If a confirmed sale is not consummated due to the fault of the successful bidder, the Auctioneer shall be entitled to one-half (½) of the earnest money deposit received, not to exceed the buyer's premium otherwise payable. If a confirmed sale does not close due to the fault of the Seller, the Auctioneer shall be entitled to a priority administrative expense claim against the bankruptcy estate equal but not to exceed the buyer's premium otherwise payable.
15. RELATIONSHIP TO PARTIES: Nothing herein contained shall be construed to mean or constitute a partnership or other such relationship between the parties.
16. The covenants herein shall bind and inure to the benefit of the executors, administrators, successors and assigns of the respective parties.

The parties hereto have caused this Agreement to be executed on April 6, 2015.

For Chuck Cryderman & Associates, LLC

/s/ Timothy J. Miller                By: /s/ Charles P. Cryderman
Timothy J. Miller, Trustee and Seller      Charles P. Cryderman
Solely in his capacity as the Chapter 7
bankruptcy trustee in the bankruptcy
proceeding of Stephen R. Etsler