UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **ETSLER, STEPHEN R.** | Case No. 14-47799 TJT |
| | Chapter 7 |
| Debtor. | Hon. Thomas J. Tucker |
| _____/ | |

**TRUSTEE'S *AMENDED* MOTION FOR APPROVAL OF SALE PROCEDURES FOR AUCTION SALE OF REAL PROPERTY AT 1708 RIDGE ROAD, CHELSEA, MI, AND ORDER TRANSFERRING LIENS AND INTERESTS TO SALE PROCEEDS**

Timothy J. Miller, Trustee, by and through his attorneys, Schneider Miller, P.C., states for his Motion as follows:

1. A chapter 7 bankruptcy petition was filed by the Debtor, Stephen Etsler, on May 4, 2014.

2. Timothy J. Miller was appointed permanent chapter 7 trustee of the above captioned bankruptcy estate.

3. The Trustee intends to sell by public auction certain real property, specifically 1708 Ridge Road, Chelsea, Michigan, and legally described as that parcel situated in the Township of Sylvan, County of Washtenaw, State of Michigan, being:

> *OLD SID - F 06-008-037-00 8-18D COM AT W 1/4 POST OF SEC, THN 89 DEG 37' 40" E 2553.21 FT IN E & W 1/4 LINE, TH S 22 DEG 16' W 103.3 FT, TH S 2 DEG 20' W 403.61 FT, TH N 89 DEG 26' E 33.0 FT FOR PL OF BEG, TH N 89 DEG 26' E 238.63 FT TH S 19 DEG 34' E74.04 FT, TH S 89 DEG 26' W 267.58 FT, TH N 2 DEG 56' E 70.17 FT TO PL OF BEG, BEING PART OF S 1/2 SEC 8 T2S-R3E 0.47 AC, hereafter, "the Property".*

4. The sale of the Property shall be free and clear of all liens and interests, as set forth in further detail below.

5.  The Trustee shall auction the Property in accordance with a Contract to Employ Auctioneer, specifically the agreement corresponding with the bankruptcy court's approval of the employment of Chuck Cryderman and Associates, LLC ("the Auctioneer"); website address http://www.crydermanauctions.com; telephone number (586) 784-8890; email address cummhz@yahoo.com.  Terms of the auction are set forth by the Trustee's Auctioneer and otherwise in accordance with the order authorizing the Trustee to employ auctioneer filed herewith, unless contraindicated herein.  See attached Exhibit 4 to review a copy of the employment contract.

6.  The sale is subject to bankruptcy court approval of this Motion, and the Property is to be sold on an "as is" basis.

7.  The Trustee has the exclusive authority to sell the Property under 11 U.S.C. §363 and all pertinent subsections.

8.  Sale terms for the Property are set forth in this Motion and further in a form of purchase agreement to be provided by the Auctioneer.  Modifications as necessary may be made by the Trustee.

9. This auction shall be a confirmation sale auction whereby the Trustee shall confirm, accept or counter any bid made at the auction by providing the Auctioneer written notice of confirmation, acceptance or counter of such bid within 72 hours following the close of the auction.  The Trustee shall have no obligation to confirm or accept any bid made at the auction.  Auctioneer reserves the right to permit and accept properly executed written absentee bids, electronic or phone bids at the Auction.

10.  **Auction date, place and time.**  An auction will be held online beginning June 9, 2015 and ending June 11, 2015 at 4:00 p.m. (note: in the event that bankruptcy court approval of sale procedures is not obtained prior to such date, an alternative date may apply).

11. **Inspection period.**  The Property will be available for inspection by appointment with the Auctioneer.  Set dates and times for open houses will be published.

12. **Bidder prequalification and deposits.**  Persons wishing to bid at the auction must qualify as prospective bidders as instructed by the Trustee's Auctioneer.  Contact the Trustee's Auctioneer for details.  A deposit from the successful bidder equal to ten percent of the bid price shall be paid immediately following the auction and submitted with a purchase agreement fully executed by the successful bidder.  The deposit is non-refundable upon the Trustee's acceptance of a purchase agreement.

13. **Closing on concluded sale.**  Closing on the sale shall take place as soon as practicable after the conclusion of the auction, but no later than 28 days from the conclusion of the auction, unless such time is extended in writing by the Trustee.  At closing, any successful bidder shall pay the balance of the purchase price, and any applicable amounts due under the terms of the purchase agreement, taking into account any applicable property tax pro-rations.  The Trustee intends to satisfy at closing the outstanding and pro-rated real property taxes, if any, the costs of title insurance policy, and recording fees for the deed and bankruptcy court sale order.  **Real estate transfer taxes shall be paid by the successful bidders.  All other closing costs shall be paid by the successful bidders.**

14. **Back-up Buyer.**  Should the successful bidder fail to close the transaction within 28 days after the conclusion of the auction, and if such time is not extended in writing by the Trustee, the Trustee, at the Trustee's election, may close the transaction with a "Back-up Buyer", meaning the person(s) making the previous highest bid prior to acceptance of the successful bid.  Closing of a transaction with a Back-up Buyer shall not be deemed to be a waiver of the Trustee's claims against any successful bidder for damages including without limitation any loss on the sale and any attorneys' fees and costs resulting from the successful bidder's failure to close on the sale.

15. **Waiver of Stay and Good Faith Sale.** The Trustee seeks a ruling that any stay pertaining to this sale under F.R. Bankr.P. 6004(g) and 6006(d) be waived and that the proposed sale be determined to be a sale in good faith pursuant to 11 U.S.C. §363(m) and afforded the full protections thereby provided.

16. **Objections to the proposed auction sale.** Objections to the sale must be filed with the bankruptcy court and served upon the Trustee in accordance with the notice filed herewith providing an opportunity to object to or be heard regarding this motion. In the event that an objection or request for hearing is filed, the objecting party shall promptly seek a hearing date from the bankruptcy court. The Trustee, in his discretion, may nonetheless conduct the auction as provided herein, subject however to any ruling to be made by the bankruptcy court. The time period in which the sale(s) must close shall not commence until and unless the court enters an order regarding the objection or request for hearing, or alternatively, the date that a withdrawal of the objection or request for hearing is filed.

17. Real property taxes are believed to be current and not in arrears.

18. There are no known liens against the Property except for a first mortgage in favor of GreenStone Farm Credit Service FLCA ($300,283.08 as of May 27, 2014) and the second mortgage in favor of this estate ($300,000.00 according to the terms of a pending Settlement Agreement) and real property tax liens. Cynthia Etsler, wife of the Debtor, is a co-owner, and her interest shall transfer and attach to sale proceeds, and otherwise in accordance with the agreement contained in the pending Motion to Compromise filed by the Trustee.

19. The sale is on an as is basis, and is free and clear of all liens and interests, same to be transferred to proceeds.

20. Unless otherwise set forth above, valid liens and interests, including without limitation the above described, shall transfer and attach to the proceeds of sale.

21. Distribution of sale proceeds shall be in accordance with a separate order or separate orders to be requested of the bankruptcy court.

WHEREFORE, Timothy J. Miller, Trustee, prays for entry of an appropriate order.

Schneider Miller, PC

Dated: April 7, 2015

/s/ Kenneth M. Schneider
Kenneth M. Schneider (P31963)
Attorney for the Trustee
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kschneider@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                              In Bankruptcy

**ETSLER, STEPHEN R.**                   Case No. 14-47799 TJT
                                                                  Chapter 7
         Debtor.                                    Hon. Thomas J. Tucker
_____/

## **EXHIBIT LIST**

| | |
|---|---|
| 1 | Proposed Order |
| 2 | Notice of Opportunity to Respond |
| 3 | Certificate of Service |
| 4 | Contract for Employment of Auctioneer |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **ETSLER, STEPHEN R.** | Case No. 14-47799 TJT<br>Chapter 7 |
| Debtor._____/ | Hon. Thomas J. Tucker |

*[PROPOSED]*
**ORDER APPROVING SALE PROCEDURES FOR AUCTION SALE
OF REAL PROPERTY AT 1708 RIDGE ROAD, CHELSEA, MICHIGAN,
AND ORDER TRANSFERRING LIENS AND INTERESTS TO SALE PROCEEDS**

This matter has come before the Court on the Trustee, Timothy J. Miller's Motion for Approval of Sale Procedures for Real Property Located at 1708 Ridge Road, Chelsea, Michigan, legally described as that parcel situated in the Township of Sylvan, County of Washtenaw, State of Michigan, being:

> *OLD SID - F 06-008-037-00 8-18D COM AT W 1/4 POST OF SEC, THN 89 DEG 37' 40" E 2553.21 FT IN E & W 1/4 LINE, TH S 22 DEG 16' W 103.3 FT, TH S 2 DEG 20' W 403.61 FT, TH N 89 DEG 26' E 33.0 FT FOR PL OF BEG, TH N 89 DEG 26' E 238.63 FT TH S 19 DEG 34' E 74.04 FT, TH S 89 DEG 26' W 267.58 FT, TH N 2 DEG 56' E 70.17 FT TO PL OF BEG, BEING PART OF S 1/2 SEC 8 T2S-R3E 0.47 AC*

hereafter referred to as "the Property", and for Order Transferring Liens and Interests to Sale Proceeds ("the Motion").

The Court has reviewed the Motion, and notice has been provided to all creditors and parties in interest in accordance with the applicable Court rules. There were no objections. The Court finds that cause exists to authorize, pursuant to 11 U.S.C. §363, the Trustee to sell the Property described in the Motion in accordance with the procedures set forth in the Motion.

IT IS HEREBY ORDERED that the Motion is granted and further:

1. The Trustee has the exclusive authority to sell the Property under 11 U.S.C. §363.

2. The Property shall be sold at an auction to be conducted by the Trustee.

3. **Auction date, place and time.**  An auction will be held online beginning June 9, 2015 and ending June 11, 2015 at 4:00 p.m. (note: in the event that bankruptcy court approval of sale procedures is not obtained prior to such date, an alternative date may apply).

4. **Bidder prequalification and deposits.**  Persons wishing to bid at the auction must qualify as prospective bidders as instructed by the Trustee's Auctioneer.  Contact the Trustee's Auctioneer for details.  A deposit from the successful bidder equal to ten percent of the bid price shall be paid immediately following the auction and submitted with a purchase agreement fully executed by the successful bidder.  The deposit is non-refundable upon the Trustee's acceptance of a purchase agreement.

5. **Closing on concluded sale.**  Closing on the sale shall take place as soon as practicable after the conclusion of the auction, but no later than 28 days from the conclusion of the auction, unless such time is extended in writing by the Trustee.  At closing, any successful bidder shall pay the balance of the purchase price, and any applicable amounts due under the terms of the purchase agreement, taking into account any applicable property tax pro-rations.  The Trustee intends to satisfy at closing the outstanding and pro-rated real property taxes, if any, the costs of title insurance policy, and recording fees for the deed and bankruptcy court sale order.  **Real estate transfer taxes shall be paid by the successful bidders.  All other closing costs shall be paid by the successful bidders.**

6. **Back-up Buyer.**  Should the successful bidder fail to close the transaction within thirty days after the conclusion of the auction, and if such time is not extended in writing by the Trustee, the Trustee, at the Trustee's election, may close the transaction with a "Back-up Buyer", meaning the person(s) making the previous highest bid prior to acceptance of the successful bid.  Closing of a transaction with a Back-up Buyer shall not be deemed to be a waiver of the Trustee's claims against the successful bidder for damages including without limitation any loss on the sale and any attorneys' fees and costs resulting from the successful bidder's failure to close on the sale.

7. **Waiver of Stay and Good Faith Sale.**  Any stay pertaining to this sale under F.R. Bankr.P. 6004(g) and 6006(d) is waived and the proposed sale is determined to be a sale in good faith pursuant to 11 U.S.C. §363(m) and afforded the full protections

thereby provided.

8. The sale is on an as is basis, and is free and clear of all liens and interests, including the interest of Cynthia Etsler.

9. Valid liens and interests, including without limitation the above described, shall transfer and attach to the proceeds of sale. The mortgages in favor of GreenStone Farm Credit Service FLCA and this estate shall be paid in full at closing.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:   In Bankruptcy

**ETSLER, STEPHEN R.**   Case No. 14-47799 TJT
Chapter 7
Debtor.   Hon. Thomas J. Tucker
_____/

**NOTICE OF TRUSTEE'S *AMENDED* MOTION FOR
ORDER APPROVING SALE PROCEDURES FOR AUCTION SALE
OF REAL PROPERTY AT 1708 RIDGE ROAD, CHELSEA, MICHIGAN,
AND ORDER TRANSFERRING LIENS AND INTERESTS TO SALE PROCEEDS**

Timothy J. Miller, Trustee, has filed papers with the Court entitled Trustee's *Amended* Motion for Approval of Sale Procedures for Real Property at 1708 Ridge Road, Chelsea, Michigan, and for Order Transferring Liens and Interests to Sale Proceeds ("the Motion"). The Motion is on file with the Bankruptcy Court clerk's office where it may be viewed for further details.

The Trustee intends to sell by public auction certain real property, specifically 1708 Ridge Road, Chelsea, Michigan, and legally described as that parcel situated in the Township of Sylvan, County of Washtenaw, State of Michigan, being:

*OLD SID - F 06-008-037-00 8-18D COM AT W 1/4 POST OF SEC, THN 89 DEG 37' 40" E 2553.21 FT IN E & W 1/4 LINE, TH S 22 DEG 16' W 103.3 FT, TH S 2 DEG 20' W 403.61 FT, TH N 89 DEG 26' E 33.0 FT FOR PL OF BEG, TH N 89 DEG 26' E 238.63 FT TH S 19 DEG 34' E74.04 FT, TH S 89 DEG 26' W 267.58 FT, TH N 2 DEG 56' E 70.17 FT TO PL OF BEG, BEING PART OF S 1/2 SEC 8 T2S-R3E 0.47 AC, hereafter, "the Property".*

The sale of the Property shall be free and clear of all liens and interests, as set forth in further detail below.

The Trustee shall auction the Property in accordance with a Contract to Employ Auctioneer, specifically the agreement corresponding with the bankruptcy court's approval of the employment of Chuck Cryderman and Associates, LLC ("the Auctioneer"); website address http://www.crydermanauctions.com; telephone number (586) 784-8890; email address cummhz@yahoo.com. Terms of the auction are set forth by the Trustee's Auctioneer and otherwise in accordance with the order authorizing the Trustee to employ auctioneer filed herewith, unless contraindicated herein. See attached Exhibit 4 to review a copy of the employment contract.

The sale is subject to bankruptcy court approval of this Motion, and the Property is to be sold on an "as is" basis. The Trustee has the exclusive authority to sell the Property under 11 U.S.C. §363 and all pertinent subsections. Sale terms for the Property are set forth in this Motion and further in a form of purchase agreement to be provided by the Auctioneer. Modifications as necessary may be made by the Trustee. This auction shall be a

confirmation sale auction whereby the Trustee shall confirm, accept or counter any bid made at the auction by providing the Auctioneer written notice of confirmation, acceptance or counter of such bid within 72 hours following the close of the auction. The Trustee shall have no obligation to confirm or accept any bid made at the auction. Auctioneer reserves the right to permit and accept properly executed written absentee bids, electronic or phone bids at the Auction.

**Auction date, place and time.** An auction will be held online beginning June 9, 2015 and ending June 11, 2015 at 4:00 p.m. (note: in the event that bankruptcy court approval of sale procedures is not obtained prior to such date, an alternative date may apply).

**Inspection period.** The Property will be available for inspection by appointment with the Auctioneer. Set dates and times for open houses will be published.

**Bidder prequalification and deposits.** Persons wishing to bid at the auction must qualify as prospective bidders as instructed by the Trustee's Auctioneer. Contact the Trustee's Auctioneer for details. A deposit from the successful bidder equal to ten percent of the bid price shall be paid immediately following the auction and submitted with a purchase agreement fully executed by the successful bidder. The deposit is non-refundable upon the Trustee's acceptance of a purchase agreement.

**Closing on concluded sale.** Closing on the sale shall take place as soon as practicable after the conclusion of the auction, but no later than 28 days from the conclusion of the auction, unless such time is extended in writing by the Trustee. At closing, any successful bidder shall pay the balance of the purchase price, and any applicable amounts due under the terms of the purchase agreement, taking into account any applicable property tax pro-rations. The Trustee intends to satisfy at closing the outstanding and pro-rated real property taxes, if any, the costs of title insurance policy, and recording fees for the deed and bankruptcy court sale order. **Real estate transfer taxes shall be paid by the successful bidders. All other closing costs shall be paid by the successful bidders.**

**Back-up Buyer.** Should the successful bidder fail to close the transaction within 28 days after the conclusion of the auction, and if such time is not extended in writing by the Trustee, the Trustee, at the Trustee's election, may close the transaction with a "Back-up Buyer", meaning the person(s) making the previous highest bid prior to acceptance of the successful bid. Closing of a transaction with a Back-up Buyer shall not be deemed to be a waiver of the Trustee's claims against any successful bidder for damages including without limitation any loss on the sale and any attorneys' fees and costs resulting from the successful bidder's failure to close on the sale.

**Waiver of Stay and Good Faith Sale.** The Trustee seeks a ruling that any stay pertaining to this sale under F.R. Bankr.P. 6004(g) and 6006(d) be waived and that the proposed sale be determined to be a sale in good faith pursuant to 11 U.S.C. §363(m) and afforded the full protections thereby provided.

**Objections to the proposed auction sale.** Objections to the sale must be filed with the bankruptcy court and served upon the Trustee in accordance with the notice filed herewith providing an opportunity to object to or be heard regarding this motion. In the event that an objection or request for hearing is filed, the objecting party shall promptly seek a hearing date from the bankruptcy court. The Trustee, in his discretion, may nonetheless conduct the auction

as provided herein, subject however to any ruling to be made by the bankruptcy court.  The time period in which the sale(s) must close shall not commence until and unless the court enters an order regarding the objection or request for hearing, or alternatively, the date that a withdrawal of the objection or request for hearing is filed.

There are no known liens against the Property except for a first mortgage in favor of GreenStone Farm Credit Services FLCA ($300,283.08 as of May 27, 2014) and the second mortgage in favor of this estate ($300,000.00 according to the terms of a pending Settlement Agreement) and real property tax liens.  Cynthia Etsler, wife of the Debtor, is a co-owner, and her interest shall transfer and attach to sale proceeds, and otherwise in accordance with the agreement contained in the pending Motion to Compromise filed by the Trustee.  The sale is on an as is basis, and is free and clear of all liens and interests, same to be transferred to proceeds.   Unless otherwise set forth above, valid liens and interests, including without limitation the above described, shall transfer and attach to the proceeds of sale.  Distribution of sale proceeds shall be in accordance with a separate order or separate orders to be requested of the bankruptcy court.

For additional sale terms, you may review the Trustee's motion which may be found in the Court's files, or you may contact the Trustee's attorney.

**<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**  If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, you or your attorney must, on or within 21 days from the date this notice is served:

1. File with the Court a written response* or an answer explaining your position at:
United States Bankruptcy Court
211 W. Fort Street
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date and time stated above.  You must also mail a copy to:
Schneider Miller, PC
645 Griswold, Suite 3900
Detroit, MI  48226

2. **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the application and may enter an order granting that relief.**

Dated:  April 7, 2015

Schneider Miller, PC
   /s/ Kenneth M. Schneider
Kenneth M. Schneider (P31963)
Attorney for the Trustee
645 Griswold, Suite 3900
Detroit, MI  48226
(313) 237-0850
kschneider@schneidermiller.com

*Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                            In Bankruptcy

**ETSLER, STEPHEN R.**                        Case No. 14-47799 TJT
                                                               Chapter 7
         Debtor.                                     Hon. Thomas J. Tucker
_____/

## **CERTIFICATE OF SERVICE**

Re:     Trustee's *Amended* Motion for Approval of Sale Procedures for Real Property at 1708 Ridge Road, Chelsea, Michigan, and for Order Transferring Liens and Interests to Sale Proceeds ("the Motion"), Notice, Proposed Order and Certificate of Service.

I hereby certify that on April 7, 2015:

1. I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the Office of the United States Trustee and all those listed by the court as receiving electronic notices in this case from the court's CM/ECF system;

2. An employee of Schneider Miller, P.C. has mailed by United States Postal Service First Class Mail, postage prepaid, the foregoing paper(s) to the following non-ECF participants:

        Stephen Etsler       Cynthia Etsler
        1708 Ridge Road    1708 Ridge Road
        Chelsea, MI 48118   Chelsea, MI 48118

3. An employee of Schneider Miller, P.C. mailed by United States Postal Service First Class Mail, postage prepaid, the above Notice Pursuant to L.B.R. 9014-1 (E.D.M.) to all creditors who filed proofs of claim.

                                                                Schneider Miller, PC

Dated: April 7, 2015                             /s/ Kenneth M. Schneider
                                                              Kenneth M. Schneider (P31963)
                                                               Attorney for the Trustee
                                                               645 Griswold, Suite 3900
                                                               Detroit, MI 48226
                                                               (313) 237-0850
                                                               kschneider@schneidermiller.com